### WHITE & *AL*. vs. *LOBRE*.

A creditor who is put on the bilan of an insolvent for part of a debt due to him, cannot afterwards sue for that part which was omitted.

More espe-cially, if it was put down in the name of another person, and the proceed-ings were suf-fered to be confirmed without op-position on the part of the real cre-ditor.

APPEAL from the court of the first district.

PORTER, J. delivered the opinion of the court. The plaintiffs demanded payment of two notes of the defendant executed by him previous to his having obtained the benefit of a *cessio bo-norum*, on the ground that they were not placed on the bilan as creditors for these notes.

One of the notes was put on the bilan in the name of the payee. The fact of its having come into the hands of the plaintiff by indorse-ment does not appear to have been known to the real creditor.

Eastern Dist.
*March*, 1829.

WHITE & AL.
*vs.*
LORBE.

the defendant at the time he filed the schedule of his affairs. The other note, which is for $237 58, was put down on the bilan for $237 in the name of the plaintiffs.

We think the court below did not err in giving judgment for the defendant. As to the note for $237 58, on which recovery is demanded because an error of 58 cents was committed in designating it, no observations are required from us. That however for $1000 which was put down on the bilan in the name of the payee requires some. The plaintiff has relied on the cases of *Bainbridge* vs. *Clay*, and *Herring* vs. *Levy*. It is true, that in these cases the court decided that where the insolvent issued negotiable paper he must take the risk of ascertaining in whose hands it was at the time of failure, and that if he failed to place the holder on the bilan, he could not set up the proceedings as a bar to an action by the person who had acquired a right to the paper by transfer and indorsement. These decisions, however severe they might have been as to the duty which they impose on the insolvent we still think correct. They were founded on the elementary doctrine, that no man can be

bound by judicial proceedings to which he is not a party, or privy, a doctrine to which we are not aware there is any exception. *Vol. 3.* 262. 4 *ibid.* 383.

But in neither of these cases had the party who claimed to enforce the obligations he had acquired by assignment been put on the bilan, nor did it appear he had any notice whatever of the proceedings carried on by the debtor against his creditors. In this respect the case before us presents an entirely different feature. The plaintiffs were put on the bilan and were cited as creditors. The objection therefore is not, that they were not parties to the judgment in *concurso,* but that the claim they now make never had been litigated in that suit: comparing it to an ordinary action where the judgment only applies to and protects the party against a second demand for the same thing. We do not think the principle advanced can apply to cases of this kind. When a creditor is called in, it is his duty to make known the whole amount of his claim against the insolvent. On another ground, however, these proceedings have the authority of *res judicata* against the present demand, considering the

Eastern Dist.
*March* 1829.

WHITE & AL.
*vs.*
LOBRE.

case in the strictest and most technical point of view of which it is susceptible of being examined. The note of which they were the indorsees was put on the schedule in the name of the payees, and they permitted judgment to be rendered declaring the payees to be the holders and bona fide owners of it. In a *concurso* all the creditors are plaintiffs and defendants: plaintiffs for the amount claimed by them—defendants against the demand of the insolvent: and against the claim of each and all the other creditors. A judgment therefore recognizing other parties to have the property of the note, without any opposition on the part of the plaintiffs, bars them from setting up a subsequent claim, that it belonged to them.

It has been said, the evidence does not shew this note was put down in the name of the payees. Several notes to the amount of $3000 are placed on the bilan in their name, and we think the court below did not err in concluding that this formed a part of them: and as to the objection that it is not proved that at the time of filing the bilan the plaintiffs were the holders of the note, it is only necessary to remark that if true there was still stronger ground for

Eastern Dist. holding the proceedings in *concurso* binding
March, 1829. on the plaintiffs, for they could not have ac-
WHITE & AL. quired any right to the note from the payees
vs.
LOBRE. since the insolvency, which would authorize
the institution of this suit.

It is therefore ordered, adjudged and de-
creed, that the judgment of the district court
be affirmed, with costs.

*Maybin* for plaintiffs—*Waggaman* for de-
fendant.